**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JUDITH FRANCES SEEMILER,

*Plaintiff,*

v.

FRANK BISIGNANO, Commissioner of Social Security,

*Defendant.*

No. 4:25-cv-849-MAL

**Memorandum & Order**

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying the application of Plaintiff Judith F. Seemiller for Disability Insurance Benefits (DIB) under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. Because there is substantial evidence to support the decision denying benefits, the Court **AFFIRMS** the Commissioner's denial of Plaintiff's application.

## I. Facts & Background

Seemiller filed for Title II and Title XVI Social Security benefits on August 23, 2022 and was denied benefits on February 2, 2023 (Doc. 6-4 at 2–13, Doc. 6-5 at 23; T. 114; T. 61–72).[1] Her request for reconsideration was denied on July 13, 2023 (Doc. 6-5 at 26–28; T. 117–19). Seemiller filed a request for a hearing, which occurred on February 22, 2024 (Doc. 6-3 at 35; T. 34). After that hearing, the ALJ denied Seemiller's claim.

[1] Citations include a citation to the document number in CM/ECF as well as the parallel citation to the Transcript.

Seemiller had a career in construction and factory work (Doc. 6-3 at 41–44; T. 40–43). Seemiller's medical records reflect that in late July 2020, she slipped on a concrete floor doing construction work and landed on the small of her back (Doc. 6-8 at 2; T. 347). Seemiller testified that since August 2020 she has experienced lower back pain, headaches, neck pain, numbness in her hands, incontinence, depression, and has fallen multiple times (Doc. 6-3 at 44–53; T. 43–52). Seemiller testified that she gets headaches every day if she does not take her medication, or weekly if she does take her medication (Doc. 6-3 at 45; T. 46). The headaches last about an hour or two and when these occur, she is not sensitive to sound though she is sometimes sensitive to sunlight (Doc. 6-3 at 46; T. 45).

Seemiller underwent a functional capacity evaluation (FCE) in March 2021 (Doc. 6-8 at 222; T. 567). The FCE recommended Seemiller can function on a full-time basis in the medium work category and could lift thirty-five pounds floor to waist, forty pounds knee to knuckle, and occasionally bend, squat, kneel, squat, climb, and walk. (Doc. 6-8 at 223; T. 568).

## II. Standard for Determining Disability Under the Act

To be eligible for disability insurance benefits, a claimant must establish they are disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001) (citing 42 U.S.C. § 423(a)(1)(D)). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will be declared disabled "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . ." 42 U.S.C. § 423(d)(2)(A).

To determine if a claimant is disabled, the Commissioner engages in a five-step process. 20 C.F.R. § 416.920. The five-step process requires the Commissioner to determine:

> 1) whether the claimant is presently engaged in a 'substantial gainful activity;'[[2]] 2) whether the claimant has a severe impairment—one that significantly limits the claimant's physical or mental ability to perform basic work activities; 3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations...; 4) whether the claimant has the residual functional capacity[[3]] to perform his or her past relevant work; and 5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Medhaug v. Astrue*, 578 F.3d 805, 814 (8th Cir. 2009) (quoting *Kelley v. Callahan*, 133 F.3d 583, 587–88 (8th Cir. 1998)).

## III. Standard of Review

The Court should uphold the ALJ's decision if substantial evidence supports her findings. *Strongson v. Barnhart*, 361 F.3d 1066, 1069 (8th Cir. 2004). "Substantial evidence" is a term of art meaning only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks omitted); *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). The threshold for substantial evidence is not high and means only "more than a mere scintilla." *Biestek,* 587 U.S. at 103.

The Court examines the record *as a whole* and considers "both the evidence that detracts from the Commissioner's decision and the evidence that supports the decision." *Strongson*, 361 F.3d at 1070. If there is substantial evidence to support the decision, the Court "may not reverse, even if inconsistent conclusions may be drawn from the evidence, and even if [the Court] may have reached a different outcome." *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010). Courts "defer heavily to the

[2] "Substantial gainful activity" must be both substantial and gainful. 20 C.F.R. § 404.1572. Substantial work activity "involves doing significant physical or mental activities … even if it is done on a part-time basis…" *Id.* Gainful work activity is "for pay or profit … [or] the kind of work usually done for pay or profit, whether or not the profit is realized. *Id.*

[3] Residual functional capacity (RFC) is what a claimant can do despite her limitations, determined based on "all relevant evidence, including medical records, physician's opinions, and claimant's description of her limitations." *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

findings and conclusions of the Social Security Administration." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010).

## IV. The Administrative Law Judge's Decision

Using the five-step process, the ALJ determined that under step one, Seemiller had not engaged in substantial gainful activity since July 28, 2020 (Doc. 6-3 at 16; T. 15). Under step two, the ALJ determined that Seemiller had the following severe impairments: obesity, degenerative disc disease/degenerative joint disease of the cervical spine, degenerative disc disease of the lumbar spines, and major depressive disorder (Doc. 6-3 at 17; T. 16). Seemiller argues the ALJ erred here by not finding her headaches to be a severe condition (Doc. 10 at 1). Under step three, the ALJ determined that Seemiller does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Doc. 6-3 at 18; T. 17). Under step four, the ALJ then determined that Seemiller has the residual functional capacity to perform medium work because she can:

> [L]ift 50 pounds occasionally and 25 pounds frequently; can stand and/or walk about 6 hours out of an 8 hour workday, with normal breaks; can sit for about 6 hours out of an 8 hour workday, with normal breaks; and push and/or pull to same weights. However, [Seemiller] can never climb ladders, ropes, or scaffolds. She can frequently stoop, kneel, crouch, and crawl.

(Doc. 6-3 at 19–20; T. 18–19). Seemiller also contends the ALJ erred at step four (Doc. 10 at 4–14). Finally, the ALJ determined that Seemiller could not perform her past work, but that she is capable of making successful adjustment to other work that exists in significant numbers in the national economy. (Doc. 6-3 at 26–27 T. 25–26). The ALJ accordingly found Seemiller "not disabled." (Doc. 6-3 at 27; T. 26).

## V. Application of Law to Facts

### A. Step 2 - The ALJ's Findings Regarding Seemiller's Migraine Headaches

Seemiller argues that the ALJ erred in step two when the ALJ concluded that "ongoing, frequent, or recurrent migraines were not documented in the record." (Doc. 6-3 at 17; T. 16). Seemiller claims this conflicts with her reported symptoms and

treatment for migraine headaches (Doc. 10 at 2). The ALJ concluded Seemiller's migraines were "a short-term issue," (Doc. 6-3 at 17 (citing Exhibit 30F); T. 16 (same); *see also* Doc. 6-10 at 59 (Exhibit 30F)), but Seemiller argues this conclusion is mistaken (Doc. 10 at 4). According to Seemiller, the ALJ should have found that her migraines are a severe condition. *Id.*

The Commissioner argues that the purpose of step two is "not to conclusively evaluate the severity of each individual impairment" but rather the regulations require only that a claimant establish at least one severe impairment to avoid denial of benefits at step two (Doc. 15 at 3). The fact the ALJ did not find the migraines to be severe is inconsequential because the ALJ found Seemiller had severe impairments at step two and accounted for her migraines at step four in determining Seemiller's residual functional capacity. *Id.* at 3–4. The Court agrees—

**i. Legal Standard**

"[S]everal district courts in the Eighth Circuit," including the Eastern District of Missouri, "have concluded that an ALJ's failure to find that an impairment is severe at step two is harmless error where the ALJ otherwise finds another severe impairment exists and addresses any functional limitations caused by the overlooked impairment when determining the RFC." *Misty G. v. Berryhill*, 2019 WL 1318355, at *3 (D. Minn. Mar. 22, 2019). *See Givans v. Astrue*, No. 4:10CV417 CDP, 2012 WL 1060123, at *17 (E.D. Mo. Mar. 29, 2012) (holding failure to find an impairment was severe was harmless error where impairment was considered in RFC analysis); *Rouse v. Berryhill*, 2019 WL 1359384, at *5 (E.D. Mo. Mar. 26, 2019) ("'[T]he step two determination of severity is merely a threshold requirement' … 'so long as the ALJ finds any severe impairment and moves to the next step, an erroneous failure to find a severe impairment is usually harmless.'") (quoting *Bowen v. Yuckert*, 482 U.S. 137, 158 (1987) (O'Connor, J., concurring) and citing *Groberg v. Astrue*, 415 Fed. App'x 65, 67 (10th Cir. 2011)).

**ii. Application of Law to Fact**

The fact the ALJ did not label Seemiller's migraines as severe at step two is harmless error because the ALJ considered Seemiller's migraines in determining

Seemiller's RFC in Step 4. In the ALJ's RFC analysis, the ALJ noted, "[t]he claimant testified her biggest problems are low back pain and headaches." (Doc. 6-3 at 20; T. 19) (noting her headaches occur daily without medication and weekly with medication). When determining Seemiller's RFC, the ALJ also cited deposition testimony by Dr. DeGrange regarding Seemiller's worker's compensation claim, (Doc. 6-3 at 22; T. 22), in which Dr. DeGrange repeatedly acknowledged Seemiller's headaches (Doc. 6-13 at 96–97, 103; T. 2041–2042, 2048). Also when determining Seemiller's RFC, the ALJ cited the medical opinion of Dr. Barbara Markway, who reviewed Seemiller's medical records on behalf of the Department of Disability Determination Services (Doc. 6-3 at 25; T. 24). Dr. Markway acknowledged Seemiller's headaches, and ultimately concluded, "I do believe [Seemiller] is capable of full duty work activity." (Doc. 6-4 at 19; T. 78).[4]

**B. Step 4 - The ALJ's Evaluation of Dr. Malbrough**

Seemiller argues that the ALJ improperly relied on Dr. Malbrough's assessment that Seemiller was able to perform medium work because (1) at one point Dr. Malbrough testified that Seemiller was "below the medium work level," (2) Dr. Malbrough was uncertain of the walking requirements of medium work, and (3) Dr. Malbrough's opinion is inconsistent with the record as a whole (Doc. 10 at 6). In essence, Seemiller argues that the ALJ found Dr. Malbrough's evaluation persuasive but should not have. *Id*. Further, Seemiller argues that once the ALJ finds a medical opinion persuasive, the ALJ must explain any inconsistencies between the limitations in the opinion and the ultimate RFC, which Seemiller claims the ALJ did not do (Doc. 19 at 5).

Dr. Malbrough treated Seemiller from January to May, 2021 (Doc. 6-11 at 5; T. 1950). There are two opinions from Dr. Malbrough at issue here. The first is a report Dr. Malbrough provided in March 2021 noting that Seemiller could lift fifty

[4] Seemiller argues this case is like *Paul C. v. Dudek*, 2025 WL 721166 (E.D. Mo. Mar. 6, 2025), where the court found a step two error was not harmless because the limitations resulting from plaintiff's anxiety were not considered by the ALJ when determining the claimant's RFC (Doc. 19 at 4). But as noted above, that is not what happened here.

pounds, (Doc. 6-8 at 249; T. 594), consistent with the medium work category. 20 C.F.R. § 404.1567(c)]. The second is Dr. Malbrough's December 2021 deposition testimony regarding his treatment and evaluation of Seemiller, in which he acknowledged that another examiner recommended Seemiller lift less than 50 pounds and in which Dr. Malbrough stated he was unsure of the medium work requirements (Doc. 6-11 at 18–19; T. 1963–64).

**i. Legal Standard**

An ALJ should consider the persuasiveness of medical opinions by considering "(1) whether they are supported by objective medical evidence,[5] (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (quoting *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022)). Supportability and consistency are the most important factors. *Id.*; *see also Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021) ("[I]n evaluating persuasiveness of medical opinion, ALJ considers supportability and consistency of opinion, and other factors; ALJ must explain how both supportability and consistency factors are considered.") (citing 20 C.F.R. § 404.1520c).

**i. Application of Law to Fact**

**1. Dr. Malbrough's testimony**

First, the Court considers whether the ALJ erred by considering Dr. Malbrough's opinion because Dr. Malbrough's opinion is allegedly inconsistent with what the ALJ found to be Seemiller's Residual Functional Capacity. He did not.

First, Dr. Malbrough's opinion is not inconsistent with the ALJ's determination of the RFC. The ALJ relied on Dr. Malbrough's March 2021 opinion where he placed a fifty-pound lifting restriction on Seemiller (Doc. 6-3 at 22; T. 21). The ALJ did not rely on Dr. Malbrough's allegedly inconsistent deposition testimony in determining

[5] Objective medical evidence "means signs, laboratory findings, or both." 20 C.F.R. § 404.1502(f). Signs "means one or more anatomical, physiological, or psychological abnormalities that can be observed, apart from your statements (symptoms)." 20 C.F.R. § 404.1502(g).

the RFC.[6] Further, Dr. Malbrough's deposition testimony was not inconsistent with his March 2021 opinion or with the ALJ's determination of the RFC. In Dr. Malbrough's deposition testimony, he acknowledged that another medical examiner found Seemiller to have lifting capacity below medium work level (Doc. 6-11 at 19; T. 1964). But this does not negate Dr. Malbrough's independent findings.

**Dr. Malbrough's understanding of medium work**

Next, the Court considers whether the ALJ erred by failing to address the fact that Dr. Malbrough had been uncertain of the walking requirements of medium work during his deposition. (Doc. 10 at 6). Specifically, Seemiller believes that the ALJ should have analyzed Dr. Malbrough's testimony stating he was unsure whether medium work required the ability to walk frequently. *Id.* But the ALJ is not required to discuss every aspect of Dr. Malbrough's testimony. *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (ALJ not required to discuss each piece of evidence; failure to cite specific evidence does not indicate evidence not considered). "The ALJ must at least minimally articulate reasons for crediting or rejecting evidence of disability." *Strongson*, 361 F.3d at 1070. Here, the ALJ did this. The ALJ gave an explanation of why Dr. Malbrough's opinion was persuasive (Doc. 6-3 at 22; T. 21). This was sufficient. "The ALJ's brevity is not reversible error." *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021).

**2. Dr. Malbrough's consistency with the record as a whole**

Seemiller argues that "the ALJ's conclusion that the March 2021 Dr. Malbrough note supports an RFC of medium work is not supported by substantial evidence or the record as a whole" and that "the ALJ offers no rationale that she considered these inconsistencies in the record in terms of Dr. Malbrough's subsequent

---

[6] The ALJ also included a discussion of another report from Dr. Malbrough (Doc. 6-3 at 22; T. 21). In addition to the reports discussed above, Dr. Malbrough also recorded a doctor's visit note from February 2021 (Doc 6-8 at 280; T. 625). The ALJ notes that Dr. Malbrough provided testimony which included "a discussion of the records that were considered in reaching his February 2021 opinion, discussed above, which corresponds to the findings related to the persuasiveness of this opinion." (Doc. 6-3 at 23; T. 22). The ALJ found Dr. Malbrough's February 2021 opinion unpersuasive because that opinion was "temporary." (Doc. 6-3 at 22; T. 21).

testimony." (Doc. 10 at 8). The Court has already discussed other aspects of the record supporting an RFC of medium work. *See supra* Part V(A)(ii). *See also* Doc. 6-4 at 12, 24, 32; T. 71, 83, 91 (placing Seemiller in the medium category). Regarding Dr. Malbrough's alleged inconsistent testimony, as noted earlier, it was not inconsistent, and "[t]he ALJ is not required to 'explicitly ... reconcile every conflicting shred' of medical evidence." *Austin*, 52 F.4th at 729 (citation omitted). Thus, substantial evidence in the record exists to affirm the ALJ's decision.

**C. Step 4 -- The ALJ's consideration of the FCE findings**

Next, the Court considers Seemiller's argument that the ALJ wrongly ignored the FCE findings when determining the RFC (Doc. 10 at 7). Specifically, Seemiller claims that the ALJ noted that the FCE findings were below medium level but did not explain why she found the FCE "not persuasive." (Doc. 10 at 7; Doc. 6-3 at 22; T. 21).

Nothing about the ALJ's consideration of the FCE makes the RFC incorrect. The ALJ noted that the FCE placed Seemiller in "medium" work but then went on to describe less than medium work in its narrative. *Id.* The ALJ also noted that the FCE lacked explanations and evidence for its restrictions regarding sitting, standing, and walking. *Id.* Additionally, the ALJ concluded that records created before and after the FCE provided little support for the restrictions found within the FCE. *Id.* The ALJ adequately explained the FCE's lack of consistency and medical evidence to support its findings. *Bowers*, 40 F.4th at 875.

**D. Step 4 -- The ALJ's overall RFC determination**

Seemiller argues that the ALJ should have included more reasoning for disregarding evidence in the record that purportedly conflicts with the RFC, including the FCE findings, physical therapy notes, Dr. Malbrough's clinical notes, and Dr. Naylor's findings (Doc. 10 at 8–13). Seemiller alleges that the ALJ violated SSR 96-8p (a Social Security Administration policy interpretation ruling) by not stating a reason for disregarding physical therapy treatment notes. *Id.* at 13. Seemiller also argues the ALJ did not properly consider her subjective complaints in

compliance with SSR 16-3p (another Social Security Administration policy interpretation ruling). *Id*. at 11, 13.

**i. Legal Standard**

**a. SSR 96-8p**

Social Security Ruling 96-8p requires the RFC assessment to be based on all relevant evidence in the case record. While SSR 96-8p requires "a narrative discussion describing how the evidence supports each conclusion," *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996), 1996 WL 374184, at *7, it does not require the ALJ to list and reject every possible limitation. *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1091 (8th Cir. 2018). An ALJ's failure to cite specific evidence does not mean that the evidence was not considered. *Wildman*, 596 F.3d at 966.

In cases where the claimant alleges pain or similar symptoms, the RFC must contain a discussion of the objective medical and other evidence, include a resolution of any inconsistencies in the evidence as a whole, and set forth a logical explanation of the effects of the symptoms on the claimant's ability to work. SSR 96-8p, 1996 WL 374184, at *7.

**b. SSR 16-3p**

When considering subjective complaints, the ALJ must consider the factors set out in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Those factors include:

1. the claimant's daily activities;
2. the duration, frequency and intensity of the pain;
3. precipitating and aggravating factors;
4. dosage, effectiveness and side effects of medication;
5. functional restrictions.

SSR 16-3p adopts the *Polaski* factors and additionally includes consideration of:

- Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
- Any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and
- Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

But an ALJ does not need to expressly discuss each factor. *Buckner v. Astrue*, 646 F.3d 549, 558 (8th Cir. 2011) (citing *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir.2005)). "The ALJ may discount subjective complaints of pain if they are inconsistent with the evidence as a whole." *Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007). If an ALJ expressly finds the claimant's testimony is not credible and gives good reasons for the findings, the court will normally defer to the ALJ's findings. *Id*. at 696. "Credibility determinations are the province of the ALJ," and the Court defers to such determinations as long as substantial evidence supports the credibility determination. *Nash v. Comm'r, Soc. Sec. Admin*., 907 F.3d 1086, 1090 (8th Cir. 2018) (quoting *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016)). An ALJ is "not required to adopt [claimant's] subjective complaints and self-imposed limitations." *Perkins v. Astrue*, 648 F.3d 892, 902 (8th Cir. 2011)

**ii. Application of Law to Fact**

**1. Arguments regarding the ALJ disregarding evidence**

Seemiller essentially asks this Court to reweigh evidence because she is dissatisfied with how the ALJ considered her Athletico Physical Therapy notes, Dr. Malbrough's clinical notes, Missouri Baptist Sullivan Physical Therapy notes, and Dr. Naylor's findings (Doc. 10 at 9–13). Seemiller wishes the ALJ would have relied on other aspects of these pieces of evidence more than the ALJ did. *Id.* Seemiller argues that the ALJ's reliance on Dr. Malbrough's March 2021 evaluation over her consistent reports of pain is improper under SSR 16-3p (Doc. 10 at 10–11).

Seemiller's argument that the ALJ discussed some but not all of Dr. Naylor's findings and that the ALJ should have considered some of Dr. Malbrough's notes lacks merit. "[T]he ALJ is free to accept some, but not all, of a medical opinion." *Austin*, 52 F.4th at 729. "The ALJ is not required to 'explicitly ... reconcile every conflicting shred' of medical evidence." *Id*. (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). Seemiller's argument that the ALJ should have considered the Missouri Baptist Sullivan Physical Therapy notes (Doc. 10 at 11) fails because "an ALJ is not required to discuss every piece of evidence submitted." *Hensley v. Colvin*,

829 F.3d 926, 933 (8th Cir. 2016) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)); *see also* 20 C.F.R. § 404.1520c ("Because many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all the factors for all the medical opinions and prior administrative medical findings in your case record."). A ruling that the ALJ should have favored parts of the record differently amounts to reweighing the evidence, which the Court may not do. *Austin*, 52 F.4th at 731. "Despite [Seemiller's] dissatisfaction with how the ALJ weighed the evidence," it is not this Court's role to reweigh that evidence. *See Schmitt v. Kijakazi*, 27 F.4th 1353, 1361 (8th Cir. 2022).

**2. Seemiller's subjective complaints**

Seemiller argues that the ALJ appeared to ignore her complaints to Dr. Malbrough, which were recorded in his notes, and that the ALJ disregarded her statements about the intensity and persistence of her complaints, as she testified she gets headaches weekly and is unable to get out of bed due to the pain from those headaches (Doc. 10 at 10–11, 13–14). Seemiller also argues that the ALJ ignored Seemiller's subjective complaints, which Seemiller brought up during her hearing before the ALJ (Doc. 10 at 13). These arguments lack merit.

In the ALJ's report, the ALJ noted that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Doc. 6-3 at 21; T. 20). The ALJ went on to describe medical evidence, assessments, and records describing "very mild" degenerative disc disease, and an MRI showing only typical age-related issues (Doc. 6-3 at 21–25; T. 20–24). The record also reflects that the ALJ considered Seemiller's daily activities, pain, and medication (Doc. 6-3 at 20–24; T. 19–23). All this indicates that the ALJ considered the *Polaski* and SSR 16-3p factors. There is substantial evidence in the record to support the ALJ's RFC determination. *See Strongson*, 361 F.3d at 1069.

The ALJ noted several inconsistencies in the record and accordingly explained why certain evidence was persuasive or not persuasive (Doc. 6-3 at 22–24; T. 21–23).

The ALJ also noted the discrepancies between Seemiller's allegations and the remainder of the record, prompting an exam that revealed mostly normal findings (Doc. 6-3 at 23; T. 22). The ALJ further noted a 2023 exam indicating that while Seemiller complained of cervical pain, she was able to raise her arms and had a normal range of motion in her neck (Doc. 6-3 at 23–24; T. 22–23). The ALJ's RFC finding sets forth an explanation of Seemiller's symptoms and ability to work (Doc. 6-3 at 19–20, 24; T. 23, 18–19). The ALJ thus satisfied the requirements of SSR 16-3p. The record includes "some medical evidence that supports the ALJ's residual functional capacity finding." *Dykes*, 223 F.3d at 867. This meets the low threshold for substantial evidence. *Biestek,* 587 U.S. at 103. The Court leaves this "[c]redibility determination [to] the province of the ALJ." *Nash,* 907 F.3d at 1090.

## CONCLUSION

Based on the complete record in this case, the Court finds the ALJ's decision that Seemiller is not disabled is supported by substantial evidence in the record.

Accordingly,

**IT IS HEREBY ORDERED** that the final decision of the Commissioner of Social Security is affirmed.

**SO ORDERED,**

This 4th day of September, 2026.

Maria A. Lanahan
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE